IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel.<br>REVAY JONES, | )<br>)<br>) | |
| Petitioner, | ) | No. 11 CV 6046 |
| v. | )<br>) | Judge Robert W. Gettleman |
| ALLAN MARTIN, Warden,<br>Shawnee Correctional Center, | )<br>)<br>) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Revay Jones filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the habeas petition is denied in part without an evidentiary hearing, and respondent is directed to file an answer addressing the merits of petitioner's claim that his direct appeal counsel was ineffective for failing to appeal the trial court's denial of his motion to suppress.

## BACKGROUND

Following a jury trial, petitioner was convicted of home invasion and armed robbery, and acquitted on charges of felony murder and aggravated unlawful restraint. Petitioner was sentenced to thirty years' imprisonment for home invasion and ten years' imprisonment for armed robbery, to be served consecutively.

Represented by an Assistant Appellate Defender, petitioner appealed his conviction and sentence, raising no claim relevant to the instant petition.[1] Order, People v. Jones, No. 1-03-

---

[1] Petitioner argued that: (1) the trial court erred in denying his request to admit a prior inconsistent statement of a witness as substantive evidence; (2) the trial court improperly sentenced him to consecutive terms after finding that the armed robbery and home invasion

(continued...)

1546 (Ill. App. Ct. Sept. 30, 2004). The Illinois Appellate Court affirmed.[2] Petitioner filed a counseled petition for leave to appeal ("PLA"), which the Illinois Supreme Court denied. Order, People v. Jones, No. 99489 (Ill. Jan. 26, 2005). The PLA raised one claim (whether the trial court improperly sentenced petitioner to consecutive terms of imprisonment), which is not relevant to the instant petition. See id.

Petitioner then filed a pro se postconviction petition pursuant to 725 ILCS 5/122-1 et seq., and a supplemental pro se petition. See Order, People v. Jones, No. 1-07-2673, at 12 (Ill. App. Ct. Nov. 19, 2010). He raised a variety of arguments, including the two ineffective assistance claims he now raises in the instant petition. The first of these claims is that petitioner's appellate counsel was ineffective for failing to raise a Confrontation Clause challenge to the trial court's admission of testimony from a Schaumburg police officer (Sergeant Vince Liberio), who testified to out-of-court statements made by two witnesses, Loren Scott Young (a suspect who cooperated with the police investigation that led to petitioner's arrest) and Sylvia Jones (petitioner's sister), who were both deceased at the time of the trial. The second claim is that his appellate counsel was ineffective because he failed to challenge the trial court's denial of petitioner's motion to suppress evidence found during a warrantless search of his bedroom, which allegedly violated his Fourth Amendment rights. The trial court rejected the claims on the merits and dismissed the petition. See id. at 13.

---

[1](...continued)
constituted separate courses of conduct; and (3) his mittimus had been calculated incorrectly Order, People v. Jones, No. 1-03-1546, at 1 (Ill. App. Ct. Sept. 30, 2004).

[2] The court did, however, agree with petitioner that his credit for time served had been calculated incorrectly. Accordingly, the court ordered that petitioner's credit for time served be corrected in the mittimus to reflect 849 days, rather than the 649 days that had initially been calculated.

On appeal, petitioner was again represented by the office of the State Appellate Defender. Petitioner, however, filed a "Motion to File Opening Brief on Appeal," explaining that he wished to proceed pro se because the Assistant Appellate Defender assigned to represent him had "allowed his case to lay dorm[ant] for more than one year and a half, thus[] leaving [petitioner] no alternative . . . ." The proposed brief accompanying petitioner's motion contended that the trial court erred in dismissing his postconviction petition on both bases for his ineffective assistance of appellate counsel claim. The Illinois Appellate Court denied petitioner's motion. Order, People v. Jones, No. 1-07-2673 (Ill. App. Ct. July 15, 2009).

Several weeks later, petitioner's appointed counsel filed a brief, which claimed that petitioner's direct appeal counsel had been ineffective for failing to raise the Confrontation Clause argument, but did not contend that direct appeal counsel was ineffective for failing to raise the Fourth Amendment claim. Id. The Illinois Appellate Court rejected the Confrontation Clause claim, agreeing with the trial court that because none of the statements at issue constituted inadmissible hearsay, petitioner's trial counsel was not ineffective for failing to raise that nonmeritorious claim on direct appeal. Id. at 18-21. Petitioner filed a pro se PLA, which raised the Confrontation Clause claim, and also argued that the Appellate Court had denied him the right to proceed pro se on appeal, which caused him to waive his Fourth Amendment claim. The Illinois Supreme Court denied petitioner's PLA. Order Denying PLA, People v. Jones, No. 111577 (Ill. Jan. 26, 2011).

On August 30, 2011, petitioner filed the instant pro se petition for a writ of habeas corpus, raising two claims:

    (1)    his appellate counsel was ineffective for failing to argue on direct appeal that the trial court violated petitioner's Confrontation Clause rights by allowing Sergeant

> Liberio to testify about statements that the two deceased witnesses made to him; and

(2) his appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred in denying petitioner's motion to suppress evidence found in his bedroom.

## **DISCUSSION**

Respondent Allan Martin contends that the first of these claims fails on the merits and the second is procedurally defaulted. Petitioner's Confrontation Clause claim indeed fails on the merit, although not for precisely the reasons respondent suggests. As for the Fourth Amendment claim, respondent is incorrect; that claim is not procedurally defaulted.

Petitioner's Confrontation Clause claim—that his appellate counsel was ineffective on direct review for failing to argue that the trial court should not have allowed Sergeant Liberio to testify about statements made by two individuals who had died before trial—was considered and rejected on the merits by the postconviction appellate court. When a habeas petitioner advances an ineffective assistance claim that a state court has already decided on the merits, he is faced with "doubly deferential judicial review." Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009). This court may grant such a petition only if the petitioner shows both that his counsel was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984), and that the state court applied Strickland unreasonably in deciding petitioner's ineffective assistance claim (or made an unreasonable factual determination).

Petitioner cannot show, however, that the Illinois Appellate Court's ruling was unreasonable under 28 U.S.C. § 2254(d)(1) or (d)(2). There is some confusion as to which subsection petitioner has invoked, but this is irrelevant because petitioner could not succeed under either one. Respondent argues only that the Illinois Appellate Court's rejection of this

4

claim did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1). Although petitioner's reply brief mentions that he is challenging the state court's decision as being "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," thus entitling him to habeas relief under § 2254(d)(2), this is not what his petition in fact claims. Rather, petitioner's opening brief states that "[a]lthough the Appellate Court at the post-conviction stage correctly identified the governing legal rule as set forth in Crawford[v.Washington, 541 U.S. 36 (2004)], it applied it unreasonably to the facts in Petitioner's case." Further, neither of his briefs present an argument in support of a (d)(2) challenge.

In any event, petitioner has failed to show that the Appellate Court's rejection of this claim entitles him to relief under § 2254(d). That court found that because the claim was meritless, petitioner could not demonstrate that his appellate counsel's performance was deficient for failing to raise it or that he was prejudiced by counsel's failure to appeal on that issue. As the Appellate Court explained, the trial court admitted Sergeant Liberio's testimony not for the truth of the matter asserted, but to show the course of the police investigation. Order, People v. Jones, No. 1-07-2673, at 18-19 (Ill. App. Ct. Nov. 19, 2010). Further, according to the Illinois Appellate Court, Sergeant Liberio's testimony "dd not reveal the substance of any conversation" with either of the two deceased witnesses. Id. at 18. Accordingly, and after correctly reciting the governing legal principles (a point which petitioner does not contest), that court found that the Confrontation Clause claim was meritless and that counsel's failure to raise it did not constitute constitutionally ineffective assistance. And for the same reasons the

5

Appellate Court gave, petitioner would be unable to demonstrate that his direct appeal counsel was constitutionally ineffective for failing to argue that his trial counsel erred in failing to challenge Sergeant Liberio's testimony on Confrontation Clause grounds. This claim therefore fails on the merits.

Next, respondent contends that petitioner procedurally defaulted his Fourth Amendment claim by failing to exhaust his state-court remedies, because petitioner failed to raise the claim through one complete round of state-court review and, in the alternative, because the state court decided petitioner's claim on an adequate and independent procedural ground. See 28 U.S.C. § 2254(b) (requiring exhaustion of state remedies); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Guest v. McCann, 474 F.3d 926, 929 (7th Cir. 2007); Conner v. McBride, 375 F.3d 643, 648 (7th Cir. 2004) (citing Coleman v. Thompson, 501 U.S. 722, 729 n.1 (1991), and Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). Neither contention is persuasive.

Respondent takes the unpersuasive position that petitioner did not raise this claim through one complete round of state court review because it was not included in the counseled brief filed in his appeal from the trial court's denial of his postconviction petition. Respondent acknowledges that petitioner "attempted to raise" the claim by filing a pro se brief, but mischaracterizes that filing as a "supplemental" brief and petitioner's accompanying motion as a request "for leave to file a supplemental brief." In fact, petitioner raised the claim in a brief filed before, not as a supplement to, the counseled brief. (It is unclear why, when the rest of respondent's exhibits are in chronological order based on the date they were filed, respondent deviated from this pattern by including the pro se motion and brief as Exhibit H and the later-filed counseled brief as Exhibit G.) And that pro se brief was not merely an attempt to

6

supplement a brief petitioner knew his counsel was preparing. It was filed along with a motion that petitioner titled "Motion to File Opening Brief on Appeal," which requested that the court "allow him to file his Opening Brief and Argument on Appeal Pro Se," and which was accompanied by an affidavit stating that petitioner "is knowingly and intelligently waiving his right to have the Office of the State Appellate Defender represent him on appeal." This was not a request to file a supplemental brief; it was a request to fire his appointed lawyer, proceed pro se, and file a pro se opening brief.

Further, it appears that even respondent would agree that petitioner "submitted" this brief, and the argument within it, to the Appellate Court even if that court then denied petitioner's motion to proceed pro se. In complying with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent has provided the court with a copy of petitioner's pro se motion and brief. Rule 5 requires a respondent to file copies of "any brief that the petitioner <u>submitted</u> in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding," but the rule does not require a respondent to provide a brief that a petitioner attempted, but failed, to submit. Perhaps respondent believes there is a meaningful distinction between "filing" and "submitting" a brief in this context, but if such a difference exists, the court is unable to find any authority to that effect. In contrast, the Seventh Circuit has reasoned (in an unpublished, nonprecedential opinion) that "[i]t cannot seriously be contended that [a petitioner's] pro se filings were made outside of Illinois's post-conviction appellate process, as the State's argument implies, for it was while he invoked this process (through counsel) that [petitioner] filed his motions . . . ." <u>Kizer v. Uchtman</u>, 165 Fed. App'x 465, 468 (7th Cir. 2006).

7

Respondent's contention that the motion was a request "for leave to file a supplemental brief" is crucial because respondent attempts to rely on Supreme Court precedent that a claim is not fairly presented if the state court would have to read beyond the brief to discover it. Baldwin v. Reese, 541 U.S. 27, 33 (2004) (holding that a claim does not meet the fair presentment requirement when the state court could have discovered it by reading a lower court opinion, although the petitioner's brief did not mention it). According to respondent, "under Baldwin, petitioner's motion for leave to file a supplemental brief did not fully and fairly present a constitutional claim to the state appellate court because it was never filed in that court." It is unclear whether "it" refers to the brief or the motion—but in any event, that is irrelevant because the motion was filed and the brief was attached to that motion. Both were therefore "presented" to the court, even if the court then decided to deny petitioner's request to proceed pro se and, a month and a half later, allowed his counsel to file an additional brief.

Next—taking a position inconsistent with the assertion that the claim was never fairly presented to the state appellate court—respondent argues that the state appellate court considered the claim and denied it on an adequate and independent state procedural ground. Conner, 375 F.3d at 648 (citations omitted). But respondent does not identify what that procedural ground is, making it impossible for the court to conclude that the state court relied on a particular procedural ground and that the ground was adequate and independent. See Page v. Frank, 343 F.3d 901, 909 (7th Cir. 2003) (citations omitted) (explaining that, for a state's procedural ground to be adequate, it must be applied in a "consistent and principled" manner, meaning that it is "firmly established and regularly followed"); United States ex rel. Bell v. Pierson, 267 F.3d 544, 556 (7th Cir. 2001) (internal quotations omitted) (for the state procedural ground to be

8

independent, "the court must have actually relied on the procedural bar as an independent basis for its disposition of the case") .

The Appellate Court's order does not indicate that it relied on any particular procedural bar; it simply summarily denied petitioner's motion. Thus, even if this court were to guess the state procedural ground, it would be impossible to conclude that the state appellate court's reliance on that rule was clear (and independent). See Jefferson v. Welborn, 222 F.3d 286, 288 (7th Cir. 2000), quoting Harris v. Reed, 489 U.S. 225, 263 (1989) ("A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar."). Respondent disingenuously reports that "the state appellate court actually stated that it was denying petitioner leave to file his pro se brief because '[petitioner] remains represented by the office of the State Appellate Defender." (Alteration in original.) The word "because" does not appear in that court's order, nor does anything in the order indicate causation. The order stated: "IT IS ORDERED that Defendant-Appellant's pro se 'Motion to File Opening Brief on Appeal' is DENIED. Defendant remains represented by the office of the State Appellate Defender." The second sentence indicates the <u>effect</u> of the order, not the reason for it.

Therefore, petitioner's claim that his appellate counsel was ineffective for failing to challenge the trial court's denial of petitioner's motion to suppress evidence is not procedurally defaulted.

## **CONCLUSION**

For the reasons discussed above, the petition for a writ of habeas corpus is denied with respect to petitioner's claim that his counsel on direct appeal was ineffective for failing to argue that petitioner's Confrontation Clause rights were violated during the trial. To the extent that petitioner's request for an evidentiary hearing applies to that claim, the court denies his request. See Cullen v. Pinholster, 131 S.Ct. 1388, 1399 (2011) ('[W]hen the state-court record precludes habeas relief under the limitations of § 2254(d), a district court is not required to hold an evidentiary hearing.") (citation and internal quotation marks omitted).

Respondent is ordered to file, by July 12, 2012, an answer on the merits of petitioner's claim that his appellate counsel was ineffective for failing to argue that the trial court erred in denying petitioner's motion to suppress evidence. Petitioner may reply on or before August 20, 2012. The court will rule by mail.

**ENTER:** **June 7, 2012**

_____
**Robert W. Gettleman**
**United States District Judge**