IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| REVAY JONES, | ) | |
| | ) | |
| Petitioner, | ) | No. 11 C 6046 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| ALLAN MARTIN, Warden, Shawnee Correctional | ) | |
| Center, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Revay Jones filed a pro se petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254, alleging that his appellate counsel was ineffective in two ways.  On June 7, 2012,

this court issued an order denying petitioner's first claim on the merits, and directing respondent

to answer petitioner's second claim on the merits.  Having reviewed the supplemental briefing,[1]

the court now denies the habeas petition and declines to issue a certificate of appealability.

**BACKGROUND**

Following a jury trial, petitioner was convicted of home invasion and armed robbery, but

acquitted on charges of felony murder and aggravated unlawful restraint.  Petitioner was

sentenced to thirty years' imprisonment for home invasion and ten years' imprisonment for

armed robbery, to be served consecutively.

---

[1]The court notes that respondent continues to argue that petitioner's second ineffective
assistance of appellate counsel claim is procedurally barred.  Because the court has already held
that petitioner's second claim is not procedurally barred, the court will not address respondent's
procedural argument again.  See United States v. Jones, 2012 WL 2115930 (N.D. Ill. June 7,
2012).

Represented by an Assistant Appellate Defender, petitioner appealed his conviction and sentence, raising no claim relevant to the instant petition.[2] Order, People v. Jones, No. 1-03-1546 (Ill. App. Ct. Sept. 30, 2004). The Illinois Appellate Court affirmed.[3] Petitioner filed a counseled petition for leave to appeal ("PLA"), which the Illinois Supreme Court denied. Order, People v. Jones, No. 99489 (Ill. Jan. 26, 2005). The PLA raised one claim (whether the trial court improperly sentenced petitioner to consecutive terms of imprisonment), which is not relevant to the instant petition. See id.

Petitioner then filed a pro se postconviction petition pursuant to 725 ILCS 5/122-1 et seq., and a supplemental pro se petition. See Order, People v. Jones, No. 1-07-2673, at 12 (Ill. App. Ct. Nov. 19, 2010). He raised a variety of arguments, including the two ineffective assistance claims he raises in the instant petition. The first of these claims is that petitioner's appellate counsel was ineffective for failing to raise a Confrontation Clause challenge to the trial court's admission of testimony from a Schaumburg police officer (Sergeant Vince Liberio), who testified to out-of-court statements made by two witnesses, Loren Scott Young (a suspect who cooperated with the police investigation that led to petitioner's arrest) and Sylvia Jones (petitioner's sister), who were both deceased at the time of the trial. The second claim is that his

---

[2]Petitioner argued that: (1) the trial court erred in denying his request to admit a prior inconsistent statement of a witness as substantive evidence; (2) the trial court improperly sentenced him to consecutive terms after finding that the armed robbery and home invasion constituted separate courses of conduct; and (3) his mittimus had been calculated incorrectly. Order, People v. Jones, No. 1-03-1546, at 1 (Ill. App. Ct. Sept. 30, 2004).

[3]The court did, however, agree with petitioner that his credit for time served had been calculated incorrectly. Accordingly, the court ordered that petitioner's credit for time served be corrected in the mittimus to reflect 849 days, rather than the 659 days that had initially been calculated.

appellate counsel was ineffective because he failed to challenge the trial court's denial of

petitioner's motion to suppress evidence found during a warrantless search of his bedroom,

which allegedly violated his Fourth Amendment rights.  In an August 2007 written order, the

trial court rejected the claims on the merits and dismissed the petition.  See id. at 13.

On appeal from that dismissal, petitioner was again represented by the office of the State

Appellate Defender.  Petitioner, however, filed a "Motion to File Opening Brief on Appeal,"

explaining that he wished to proceed pro se because the Assistant Appellate Defender assigned

to represent him had "allowed his case to lay dorm[ant] for more than one year and a half, thus[]

leaving [petitioner] no alternative . . . ."   The proposed brief accompanying petitioner's motion

contended that the trial court erred in dismissing his postconviction petition on both of his

ineffective assistance of appellate counsel grounds.  The Illinois Appellate Court denied

petitioner's motion without any discussion regarding the merits of petitioner's claims.  Order,

People v. Jones, No. 1-07-2673 (Ill. App. Ct. July 15, 2009).

Several weeks later, petitioner's appointed counsel filed a brief, which claimed that

petitioner's direct appeal counsel had been ineffective for failing to raise the Confrontation

Clause argument, but did not contend that direct appeal counsel was ineffective for failing to

raise the Fourth Amendment claim.  Id.  The Illinois Appellate Court rejected the Confrontation

Clause claim, agreeing with the trial court that because none of the statements at issue

constituted inadmissible hearsay, petitioner's trial counsel was not ineffective for failing to raise

that nonmeritorious claim on direct appeal.  Id. at 18-21.  Petitioner filed a pro se PLA, which

raised the Confrontation Clause claim, and also argued that the Appellate Court had denied him

the right to proceed pro se on appeal, which caused him to waive his Fourth Amendment claim.

3

The Illinois Supreme Court denied petitioner's PLA. Order Denying PLA, <u>People v. Jones</u>, No.

111577 (Ill. Jan. 26, 2011).

On August 30, 2011, petitioner filed the instant pro se petition for a writ of habeas

corpus, raising two claims:

(1)     his appellate counsel was ineffective for failing to argue on direct appeal that the
        trial court violated petitioner's Confrontation Clause rights by allowing Sergeant
        Liberio to testify about statements that the two deceased witnesses made to him;
        and

(2)     his appellate counsel was ineffective for failing to argue on direct appeal that the
        trial court erred in denying petitioner's motion to suppress evidence found in his
        bedroom.

On June 7, 2012, this court denied the petition for a writ of habeas corpus with respect to

petitioner's claim that his counsel on direct appeal was ineffective for failing to argue that

petitioner's Confrontation Clause rights were violated during the trial. Respondent contended

that petitioner's second claim was procedurally defaulted and did not address the merits of the

second claim. After finding that the second claim had not been procedurally defaulted, the court

ordered supplemental briefing on petitioner's second claim.

**DISCUSSION**

**I.      Standard of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard of

review applied to federal habeas corpus petitions filed under 28 U.S.C. § 2254 by persons in

state custody. Under the AEDPA, a petitioner is not entitled to a writ of habeas corpus for a

non-defaulted claim unless the challenged state court decision was: (1) "contrary to, or involved

an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States;" or (2) "based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's

decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a

conclusion opposite to that reached by [the] Court on a question of law" or "if the state court

confronts facts that are materially indistinguishable from a relevant Supreme Court precedent

and arrives at a result opposite to" the Court. Williams v. Taylor, 529 U.S. 362, 405 (2000).

A federal habeas court "may not issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established federal

law erroneously or incorrectly." Jackson v. Frank, 348 F.3d 658, 662 (7th Cir. 2003). The court

can issue a writ only if it determines that the state court's application of federal law was

"objectively unreasonable." Williams, 562 U.S. at 409. It is a difficult standard to meet,

because unreasonable means something lying "well outside the boundaries of permissible

differences of opinion." McFowler v. Jaimet, 349 F.3d 436, 447 (7th Cir. 2003) (internal

quotations omitted).

II.    Analysis

A.    Ineffective Assistance of Counsel

Petitioner claims that his appellate counsel was ineffective for failing to raise on direct

appeal that the trial court erred in denying his motion to suppress evidence found in his bedroom

during a warrantless search. To that end, petitioner argues that the state court decision denying

his postconviction petition was based on an unreasonable determination of the facts.

Specifically, petitioner contends that the court's factual determination that the police had consent

to enter his bedroom "lacked fair support in the evidentiary record." Petitioner also argues,

without explaining how, that the state court's decision was contrary to federal law.

5

The "clearly established law" that petitioner asserts the state trial court[4] unreasonably

applied is set forth in Strickland v. Washington, 466 U.S. 668 (1984). See U.S. ex rel. Taylor v.

Barnett, 109 F.Supp.2d 911, 923 (N.D. Ill. 2000). "To succeed on his claim of ineffective

assistance of counsel, [petitioner] must demonstrate both that [appellate] counsel's conduct fell

below an objective standard of reasonableness, and that a reasonable probability exists that, but

for counsel's substandard performance, the decision reached would have been different." Id.

The first element – performance – requires petitioner to '"overcome the presumption that, under

the circumstances, the challenged action might be considered sound trial strategy'" and [ ]

establish that counsel's conduct was '"outside the wide range of professionally competent

assistance."' Id. (quoting Strickland, 466 U.S. at 689, 690).

Under the second element—prejudice— a defendant need only show that there is a

"reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." Strickland, at 694. "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." Id. Petitioner must show "that counsel's

errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." Id. at

687.

Where a claim is without merit, appellate counsel's refusal to raise the issue on direct

appeal is reasonable. See also McCleese v. United States, 75 F.3d 1174, 1180 (7th Cir. 1996) (to

establish prejudice, petitioner must show that there would have been a reasonable probability of

---

[4]Because the state appellate court reviewing petitioner's postconviction petition did not
rule on the merits of petitioner's ineffective assistance of counsel claim concerning the alleged
Fourth Amendment violation, this court reviews the trial court's August 2007 written opinion,
which addresses petitioner's claim on the merits.

success on the claims had they been raised). Moreover, just because a claim may be meritorious

does not mean counsel is ineffective in failing to raise it on appeal. "Effective advocacy does

not require the appellate attorney to raise every non-frivolous issue under the sun." Mason v.

Hanks, 97 F.3d 887, 893 (7th Cir. 1996). "When a claim of ineffective assistance of counsel is

based on failure to raise viable issues, the district court must examine the trial court record to

determine whether appellate counsel failed to present significant and obvious issues on appeal.

Significant issues which could have been raised should then be compared to those which were

raised. Generally, only when ignored issues are clearly stronger than those presented, will the

presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646

(7th Cir. 1986).

In line with this legal precedent, and after a thorough review of the applicable law under

Strickland, the postconviction trial court assessed the merits of petitioner's Fourth Amendment

claim in determining whether appellate counsel was ineffective. The state court summarized the

trial evidence as establishing that:

> On July 1, 1998, Detective Ciccola went to 5930 South Parnell in Chicago with
> other officers. The door was answered by Revay Jones, Jr., defendant's teen age
> son. Jones told the detectives [that the petitioner] should be upstairs in the back
> room. The detectives went upstairs and knocked on the door to defendant's room.
> An elderly woman came out of another room and identified herself as defendant's
> mother-in-law and the homeowner. She opened the padlock on defendant's room
> and allowed the detectives to enter. Detective Ciccola observed a pair of black
> leather gloves with fringe sitting on the bedroom floor. He also noticed three
> pieces of Carver stereo equipment. Shortly, thereafter, Terinna Jones, defendant's
> wife, arrives home. She asked the detectives to leave. The detectives went for a
> search warrant . . . . After obtaining a search warrant, they recovered the Carver
> stereo equipment, a pair of leather gloves with fringe, and Nike sneakers.

Based on this evidence, the state court concluded that appellate counsel was not

ineffective for failing to raise on direct appeal that the trial court erred in denying petitioner's

motion to suppress, because: (1) the contested evidence was recovered only after police had

obtained a warrant; and (2) even if the search and seizure had been warrantless, the homeowner,

petitioner's mother-in-law, voluntarily consented to the search. Accordingly, the trial court

concluded that the mother-in-law's "consent and the subsequent search [were] valid." This was

not an unreasonable application of Strickland, nor was the state court's conclusion based on an

unreasonable factual determination. Because the state postconviction court found that

petitioner's Fourth Amendment claim was nonmeritorious – because the mother-in-law had

given valid consent to search petitioner's bedroom – appellate counsel's failure to raise it on

direct appeal did not constitute ineffective assistance. See McCleese,75 F.3d at 1180.

Moreover, even if petitioner's Fourth Amendment claim was meritorious, because the

claim was not clearly stronger than the other issues presented by appellate counsel on direct

appeal, counsel was not ineffective. As discussed above, petitioner's appellate counsel raised a

number of such issues. Specifically, appellate counsel argued that: (1) the trial court erred in

denying his request to admit a prior inconsistent statement of a witness as substantive evidence;

(2) the trial court improperly sentenced him to consecutive terms after finding that the armed

robbery and home invasion constituted separate courses of conduct; and (3) his mittimus had

been calculated incorrectly. Order, People v. Jones, No. 1-03-1546, at 1 (Ill. App. Ct. Sept. 30,

2004). Because the trial court had already found at the suppression hearing that petitioner's

teenage son's testimony that the door to petitioner's room was kicked in following the police

search was not credible, appellate counsel made the strategic decision to pursue other, more

viable claims. See, e.g., United States v. Nobles, 69 F.3d 172, 181 (7th Cir. 1995) ("We refuse

to second-guess the trial judge on matters of credibility unless the defendant establishes that the testimony was exceedingly improbable.") (internal quotations omitted).

Petitioner argues that the evidence at the suppression hearing did not establish that his mother-in-law "had the authority to give police-men consent to enter [his] bedroom." According to petitioner, "the evidence showed that [his] bedroom door was kept locked at all times with a padlock and that the only people who had a key for the padlock" were he and his wife. Petitioner again submits that his teenage son observed, after the police left, that his bedroom door had been kicked in. Petitioner contends that these facts established that he "and his wife had exclusive possession of his bedroom." As such, petitioner argues that the trial court's finding that the police obtained valid consent to enter petitioner's bedroom was based on an unreasonable factual determination. This court disagrees.

As discussed above, the trial court twice made credibility and factual determinations – once in ruling on petitioner's motion to suppress and again on petitioner's postconviction petition – that his mother-in-law had the authority to, and did in fact, consent to the police search. Although petitioner articulates arguable flaws in the trial court's reasoning, that court's factual and credibility determinations are presumed to be correct. See Marshall v. Lonberger, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."); 28 U.S.C. § 2254(e)(1)("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of factual issue made by a State court shall be presumed to be correct."). Simply because a different conclusion could have been reached does not justify the grant of habeas

relief.  See Williams, 562 U.S. at 409 (explaining that a court can issue a writ only if it determines that the state court's application of federal law was "objectively unreasonable").

**B.      Certificate of Appealability**

A habeas petitioner is entitled to a certificate of appealability only if he has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(2); see Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Evans v. Cir. Ct. of Cook Cnty., 569 F.3d 665, 667 (7th Cir. 2009).  To make that showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).  When the court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  Id. at 484.  "When the court has denied a habeas petition on procedural grounds without reaching the petition's underlying constitutional claims . . . a petitioner must also show that jurists could debate whether the court's procedural ruling was correct."  United States ex rel. Riley v. Harrington, No. 13-C-7203, 2014 WL 6882346, at *3 (N.D. Ill. Dec. 3, 2014).

Here, this court concludes that the state court's decision denying petitioner's postconviction ineffective assistance of appellate counsel claim was not an unreasonable application of Supreme Court precedent.  Reasonable jurists could not find otherwise. The court therefore declines to issue a certificate of appealability on petitioner's claim.

**CONCLUSION**

For the foregoing reasons, the court denies the habeas petition and declines to issue a certificate of appealability.  To the extent that petitioner's request for an evidentiary hearing applies to the above ineffective assistance of counsel claim, the court denies his request.  <u>See</u> <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388, 1399 (2011) ('[W]hen the state-court record precludes habeas relief under the limitations of § 2254(d), a district court is not required to hold an evidentiary hearing.") (citation and internal quotations omitted).


**ENTER:      June 23, 2015**


                                                    **Robert W. Gettleman**
                                                    **United States District Judge**